**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Ronald Warren, | ) No. CV-12-314-TUC-JGZ (BGM) |
|     Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Craig Apker, | ) |
|     Respondent. | ) |

Currently pending before the Court is Petitioner Darryl W. Hawkins's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent Apker has filed his Return and Answer to Order to Show Cause Why Petition for Writ of Habeas Corpus Should Not Be Granted ("Response") (Doc. 16), and Petitioner filed his reply (Doc. 20). Petitioner has also filed a Motion by Petitioner That This District Court Now Reach the Merits of This Habeas Corpus – 28 U.S.C. 2241 Now Pending a District Court Decision for Twenty-Two Months Since Filed April 25, 2012 (Doc. 25) and a Motion for Judicial Notice and Acknowledgement [sic] (Doc. 26). Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1). The Magistrate Judge further recommends that the District Court deny as moot Petitioner's Motion by Petitioner That This District Court Now Reach the Merits of This Habeas Corpus – 28 U.S.C. 2241 Now Pending a District Court Decision for Twenty-Two Months Since Filed April 25, 2012 (Doc. 25) and

deny Petitioner's Motion for Judicial Notice and Acknowledgement [sic] (Doc. 26)

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

Petitioner is currently incarcerated at the United States Penitentiary Tucson ("USP Tucson") in Tucson, Arizona. *See* Petition (Doc. 1). On January 7, 1976, the United States District Court, Eastern District of California, sentenced Petitioner to a fifteen (15) year term for bank robbery (CR S-75-306), as well as a second fifteen (15) year term for bank robbery (CR S-75-598) and a ten (10) year consecutive term for bank robbery (CR S-75-588). Response (Doc. 16), Farrar Decl. (Exh. "A") ¶ 3 & USDC, E.D. Cal. Judgment & Commitment ("J & C") Orders (Attach. "1"). The total term for this initial sentencing is forty (40) years. *Id.* On December 2, 1976, the United States District Court, Eastern District of Missouri sentenced Petitioner to a ten (10) year term for bank robbery and incidental crimes (S-6-276CR) to be served consecutively to his initial forty (40) year sentence. *Id.*, Exh. "A" ¶ 4 & USDC, E.D. Mo., J & C (Attach. "2"). On February 16, 1977, the United States District Court, Central District of California, sentenced Petitioner to a four (4) year term for bank robbery (CR-76-1050), and ordered the term to be served "consecutive to all Federal sentences now being served." *Id.*, Exh. "A" ¶ 5 & USDC, C.D. Cal., J & C (Attach. "3"). On June 20, 1977, the United States District Court, Southern District of West Virginia, sentenced Petitioner to a twenty (20) year term for bank robbery and incidental crimes (CR 26-108), and ordered the sentence "to run concurrently with the sentence the defendant is now serving." *Id.*, Exh. "A" ¶ 6 & USDC, S.D. W.Va. J & C Order (Attach. "4"). On November 15, 1978, the United States District Court, Middle District of Florida, sentenced Petitioner to a five (5) year term for escape (78-8-Cr-J-M), and ordered the sentence to "run consecutively to the sentences the defendant is now serving." Response (Doc. 16), Exh. "A" ¶ 7 & USDC, M.D. Fla., J & C (Attach. "5"). Additionally, on November 15, 1978, the court sentenced Petitioner to a twenty (20) year term for bank robbery and incidental crimes (78-9-Cr-J-M), and ordered that this sentence "shall run consecutively to the sentence imposed [on] this date in Case No. 78-8-Cr-J-M, and to any other sentences the defendant is now serving."

1  *Id.*  On December 10, 1979, the District Court, Western District of Virginia, sentenced
2  Petitioner to a twenty (20) year term for bank robbery and use of a firearm in the commission
3  of a felony (78-00004-C), directing that fifteen (15) years of the sentence "to run
4  concurrent[ly] to any sentence now being served[,] [and] [t]he remaining 5 years . . . to run
5  consecutive[ly] to any sentence now being served."  *Id.*, Exh. "A" ¶ 8 & USDC, W.D. Va.
6  J & C Orders (Attach. "6").  On January 8, 1988, the United States District Court, District
7  of Oregon sentenced Petitioner to a twenty (20) year term for bank robbery (CR37-60033),
8  directing that the sentence be served "concurrently with the sentence presently being
9  served[.]" *Id.*, Exh. "A" ¶ 9 & USDC, D. Ore., J & C (Attach. "7").  On December 23, 1988,
10 the United States District Court, District of Oregon, sentenced Petitioner to a fifteen (15) year
11 term for bank robbery (CR 88-207-01), "to be served concurrently with the sentence imposed
12 in CR37-60033."  *Id.*, Exh. "A" ¶ 10, USDC, D. Ore., Judgment (Attach. "8").  On January
13 24, 1989, the United States District Court, Western District of Washington, sentenced
14 Petitioner to a five (5) year term for escape (CR87-193C), to run consecutively "to any and
15 all other sentences being served."  *Id.*, Exh. "A" ¶ 11, USDC, D. Wa. J & C (Attach. "9").

16       The Bureau of Prisons ("BOP") applied 219 days of presentence credit to Petitioner's
17 sentence, and 405 days of inoperative time was applied for Petitioner's four (4) instances of
18 escape.  Response, Exh. "A" ¶ 12.  Petitioner's eligibility date was determined to be April
19 12, 1986 – one-third of the regular adult maximum sentence of thirty (30) years (equaling ten
20 (10) years), plus any inoperative time (405 days), minus any presentence time (219).  *Id.*,
21 Exh. "A" ¶ 13.  Petitioner's two-thirds date is calculated as two-thirds of the entire 89-year
22 term, which is November 8, 2035.[1]  *Id.*, Exh. "A" ¶ 14, Sentence Monitoring Comp. Data
23 (Exh. "B") at 11.[2]  Petitioner's full term date is July 11, 2065, determined by adding the
24 entire 89-year term to the date computation began, January 7, 1976, then subtracting

---

26     [1]The 89-year term is the number of years that Petitioner was sentenced to serve
27 consecutively, any additional years that were ordered to be served concurrently are not included in this total.

28     [2]This page number reflects the page displayed on the Sentence Monitoring Computation Data printout.  In the CM/ECF docket, the page is found at Doc. 16-1 at 51.

presentence time credit of 219 days, and adding the 405 days of inoperative time. *Id.*, Exh. "A" ¶ 15, Exh. B. at 11.

On February 18, 1987, Petitioner received his initial parole hearing. Response (Doc. 16), Initial Hr'g Summ. (Exh. "C"). The United States Parole Commission (the "Commission") rated his severity category a seven (7), and his salient factor score a one (1), with a guideline range of 276-400 months. *Id.* The hearing examiner recommended that Petitioner be released after 276 months or twenty-three (23) years. *Id.* A second examiner recommended a continuance for a fifteen (15) year reconsideration hearing in February 2002. *Id.* The Commission continued Petitioner's sentence "to a presumptive parole after the service of 300 months, April 10, 2001, with special mental health aftercare condition." Response (Doc. 16), Notice of Action 3/12/1987 (Exh. "D") at 1. Petitioner's aggregate guideline range was found to be 276-400 months to be served. *Id.* A statutory interim hearing was scheduled for February 1989. *Id.*

On October 31, 1989, a statutory interim hearing was held. Response (Doc. 16), Hr'g Summ. (Exh. "F") at 1. Between the initial hearing and this statutory interim hearing, Petitioner escaped from prison and was involved in a bank robbery. *Id.* Accordingly, the panel recommended continuance to a fifteen year reconsideration hearing in November 2004, and that Petitioner "not ever be returned to the community because subject presents a threat to the public welfare and to release him earlier than statutorily required would promote disrespect for the paroling process." *Id.* at 2. The Commission continued the matter to a fifteen (15) year reconsideration hearing in November 2004. Response (Doc. 16), Notice of Action 11/20/1989 (Exh. "G") at 1. The Commission further noted that Petitioner's aggregate guideline range was to be increased by 136-176 months added to the original presumptive parole date of April 10, 2001, plus the time Petitioner was on escape status. *Id.*

On September 10, 1991, a prehearing assessment was conducted, noting "[a] decision . . . to go above the guidelines because of the history of aggressive behavior and the fact that [Petitioner] was serving terms for bank robbery and escape at the time of the instant behavior." Response (Doc. 16), SIH/Rescission Prehr'g Assessment (Exh. "E") at 1. The

- 4 -

prehearing assessment also noted an additional instance of misconduct within the institution. *Id.* On October 22, 1991, Petitioner received a statutory interim hearing. Response (Doc. 16), Review Summ. 10/22/1991 (Exh. "H"). The hearing examiner recommended no change in Petitioner's fifteen (15) year reconsideration hearing in November 2004. *Id.* The Commission ordered that there would be no change in the continuance to a fifteen (15) year reconsideration hearing in November 2004. Response (Doc. 16), Notice of Action 11/5/1991 (Exh. "I"). Additionally, Petitioner was scheduled for a statutory interim hearing during October 1993. *Id.*

On January 16, 1997, Petitioner's prehearing assessment indicated that following to Petitioner's November 1991 statutory interim hearing, Petitioner had waived subsequent statutory interim hearings. Response (Doc. 16) Prehearing Assessment 1/16/1997 (Exh. "J"). On February 11, 1997, Petitioner received a statutory interim hearing/review hearing. Response (Doc. 16), SIH/Review Hr'g Summ. (Exh. "K"). The hearing examiner found two incidents of misconduct since his previous statutory interim hearing. *Id.* at 1-2. The examiner recommended no changes, and a continuance to Petitioner's fifteen (15) year reconsideration hearing in November 2004. *Id.* at 3. The examiner noted that Petitioner's aggregate guideline range should also be increased 0-4 months due to the institutional misconduct. *Id.* Accordingly, the Commission ordered no change in continuance to a 15 year reconsideration hearing in November 2004. Response (Doc. 16), Notice of Action 3/3/1997 (Exh. "L"). Additionally, the Commission ordered a 0-4 months increase in Petitioner's aggregate guideline range, and requested that BOP provide a current psychiatric/psychological report to the Commission prior to the next statutory interim hearing, which it scheduled for February 1999. *Id.*

On September 13, 2006, Petitioner received a fifteen (15) year reconsideration hearing. Response (Doc. 16), Hr'g Summ. 9/13/2006 (Exh. "N"). The Commission ordered a continuance to a fifteen (15) year reconsideration hearing in September 2021. Response (Doc. 16), Notice of Action 10/18/2006 (Exh. "O"). The Commission assessed Petitioner's severity category, salient factor score and guideline ranges in light of his criminal history,

- 5 -

1  institutional offenses, and multiple escapes. *Id.* The Commission calculated Petitioner's
2  aggregate guideline range as 412-582 months to be served. *Id.* Petitioner appealed the
3  Commission's ruling, and the National Appeals Board ("NAB") affirmed. Response (Doc.
4  16), Notice of Action on Appeal 7/23/2007 (Exh. "P"). Although the NAB erroneously
5  references "the hearing examiner who presided at your revocation hearing[,]" the issues
6  regarding the hearing examiners recommendation and Petitioner's eligibility for sex offender
7  treatment arose from Petitioner's fifteen (15) year reconsideration hearing in September
8  2006. *See id*; Response (Doc. 16), Exhs. "N" & "O". In affirming the Commission's
9  actions, the NAB found that "because [Petitioner is] a Category Seven offender who
10 committed multiple robberies, escaped from secure custody four times, and committed bank
11 robbery while in escape status, the public safety precludes a release date at this time."
12 Response (Doc. 16), Exh. "P." The NAB further found "that the public safety outweighs
13 [Petitioner's] need to qualify for pre-release sex offender treatment." *Id.*

14 On January 4, 2011, Petitioner received a statutory interim hearing. Response (Doc.
15 16), Hr'g Summ. 1/4/2011 (Exh. "Q"). The hearing examiner recommended no change in
16 Petitioner's fifteen (15) year reconsideration hearing date of September 2021. *Id.* at 2. The
17 hearing examiner cited Petitioner's criminal history, including four escapes from
18 incarceration, and little program participation as a basis for his recommendation. *Id.* The
19 Commission ordered no change in Petitioner's fifteen (15) year reconsideration date of
20 September 2021. Response (Doc. 16), Notice of Action 2/14/2011 (Exh. "R"). The
21 Commission scheduled Petitioner's next statutory interim hearing during January 2013. *Id.*
22 Petitioner appealed the Commission's decision. Petition (Doc. 1), Appeal 4/6/2011.
23 Petitioner challenged the aggregation of his sentences; the Commission's and/or BOP's
24 alleged failure to parole him at the expiration of his two-thirds date calculated solely from
25 his initial forty (40) year sentence; the Commission's alleged failure to find him ineligible
26 for parole prior to May 2009, or alternatively July 2002, in violation of his due process
27 rights; that the Commission's jurisdiction expired on November 1, 2002; the alleged denial
28 of interim hearings; the alleged denial of ever qualifying for parole; alleged illegal use of the

1   Federal Savings Clause to extend the life of the Commission; and the alleged failure of the
2   Director of BOP and the Commission to uphold any of the laws cited by Petitioner. *Id.* The
3   NAB stated that Petitioner had been convicted "solely under the U.S. Code." Response
4   (Doc. 16), Not. of Action on Appeal 5/4/2012 (Exh. "S"). Accordingly, Petitioner is
5   "considered for parole on the basis of a single parole eligibility and mandatory release date."
6   *Id.* The NAB directed Petitioner to address any disputes regarding his parole eligibility date
7   or mandatory release date "with the Records Office which will determine the validity of [his]
8   claims and notify the Commission of any modification." *Id.* The NAB further found
9   Petitioner's jurisdictional argument without merit, and stated "the Commission has lawfully
10  maintained jurisdiction over [him]." *Id.* The NAB affirmed the Commission's decision. *Id.*

11  On April 25, 2012, Petitioner filed a Petition Under 28 U.S.C. § 2241 for a Writ of
12  Habeas Corpus by a Person in Federal Custody (Doc. 1). Petitioner challenges 1) the
13  aggregation of his sentences; 2) the calculation of his "two-thirds mandatory good time
14  release date" alleging violation of his due process and equal protection rights (mandatory
15  parole); 3) the alleged violation of his due process and equal protection rights and the *Ex Post*
16  *Facto* clause of the Constitution of the United States in the calculation of Petitioner's
17  guideline dates (guideline date calculation); 4) the alleged violation of his due process and
18  equal protection rights in the Commission's alleged failure to determine Petitioner's
19  ineligibility for parole prior to his alleged "'suitability' date of July 2009" as required by 18
20  U.S.C. 4206(d); 5) the alleged violation of his due process and equal protection and rights
21  and the *Ex Post Facto* clause of the Constitution of the United States in the calculation of his
22  guideline range and the Commission's alleged failure to make a finding of ineligibility before
23  the expiration thereof; 6) the alleged violation of his due process rights in the continued use
24  of the allegedly expired Commission; 7) the alleged violation of his due process and equal
25  protection and rights and the *Ex Post Facto* clause of the Constitution of the United States
26  based on the alleged expiration of 18 U.S.C. §§ 4201-4218(d) thereby prohibiting Petitioner
27  from correcting perceived violations of federal law; 8) the alleged violation of his due
28  process and equal protection rights based on the alleged expiration of 18 U.S.C. §§ 4201-

- 7 -

4218(d) and subsequent alleged prohibition of Petitioner from qualifying for parole; and 9) the alleged violation of his Fifth and Eighth Amendment rights and the *Ex Post Facto* clause of the Constitution of the United States based upon the allegedly "illegal[] use[] by Congress" of the Federal Savings Clause to extend the life of the Commission.  *See* Petition (Doc. 1).

## II.   ANALYSIS

### A.  Jurisdiction

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (*quoting FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, a proper characterization of the petition is necessary to a determination of jurisdiction. *Id.*

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence, rather he seeks relief with respect to the calculation of his parole eligibility and Commission findings regarding his suitability for parole while incarcerated at a federal facility.  As such, Petitioner is challenging the manner, location or condition of the execution of his sentence. *See e.g., United States v. Saeteurn*, 504 F.3d 1175, 1180 n. 12 (9th Cir. 2007) ("a habeas petition brought pursuant to § 2241 is sufficient to safeguard a prisoner's right to be considered eligible for early release."); *Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) ("a prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 for 'expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility of parole.'") (*quoting Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989));

*Tucker v. Carlson,* 925 F.2d 330, 332 (9th Cir. 1991) (a prisoner's challenge to the "manner in which his sentence was executed . . . [is] maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241."); *Weinstein v. U.S. Parole Comm'n.*, 902 F.2d 1451, 1452 (9th Cir. 1990) ("The district court had jurisdiction pursuant to 28 U.S.C. § 2241 to review a claim by a federal prisoner challenging a decision of the United States Parole Commission."); *Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999) (section 2241 petition is appropriate vehicle to challenge the correctness of a jail-time credit determination, once administrative remedies have been exhausted). Such a challenge must be brought pursuant to § 2241 in the custodial court. At the time of filing the Petition, Petitioner was incarcerated at USP – Tucson in Arizona. Accordingly, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990).

### B. Exhaustion

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55, 115 S.Ct. 2021, 2023-24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (*quoting Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2)

1 relaxation of the requirement would encourage the deliberate bypass of the administrative
2 scheme; and (3) administrative review is likely to allow the agency to correct is own mistakes
3 and to preclude the need for judicial review.'" *Id.* (*quoting Noriega-Lopez v. Ashcroft*, 335
4 F.3d 874, 881 (9th Cir. 2003). "When a petitioner does not exhaust administrative remedies,
5 a district court ordinarily should either dismiss the petition without prejudice or stay the
6 proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."
7 *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion
8 may be excused if pursuing an administrative remedy would be futile. *Fraley v. United
9 States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

10 If a prisoner is unable to obtain an administrative remedy because of his failure to
11 appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus
12 claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis*, 894 F.2d at
13 354; *Martinez*, 804 F.2d at 571). If a claim is procedurally defaulted, the court may require
14 the petitioner to demonstrate cause for the procedural default and actual prejudice from the
15 alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and
16 prejudice test is the appropriate test); *Murray*, 477 U.S. at 492 (cause and prejudice test
17 applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d
18 905, 906-08 (9th Cir.1986) (cause and prejudice test applied to *pro se* litigants).

19 Here, Respondent avers that Petitioner has exhausted his administrative remedies.
20 Response (Doc. 16), Farrar Decl. (Exh. "A") ¶ 16. The record reflects that Petitioner has
21 properly filed appeals regarding the Commission's actions. Accordingly, the Court
22 concludes that Petitioner has exhausted his administrative remedies.

23 **C. Successive Petition**

24 "A 'successive petition" raises grounds identical to those raised and rejected on the
25 merits on a prior petition." *Kuhlmann v. Wilson*, 477 U.S. 436, 445 n. 6, 106 S.Ct. 2616,
26 2622 n. 6, 91 L.Ed.2d 364 (1986) (citing *Sanders v. United States*, 373 U.S. 1, 15-17, 83
27 S.Ct. 1068, 1077-78, 10 L.Ed.2d 148 (1963)); *See also Campbell v. Blodgett*, 997 F.2d 512,
28 515-516 (9th Cir. 1992) ("A claim is successive if it was raised in an earlier petition, or if it

- 10 -

fails to raise a ground for relief that is new or different than a claim raised in an earlier petition and previously determined on the merits."). Section 2244(a), 28 U.S.C., provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court in the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). "When a district court denies consideration of the merits of a petition on the ground that it is abusive or successive, [the Ninth Circuit Court of Appeals will] review for abuse of discretion." *Campbell*, 997 F.2d at 516.

Petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Colorado. *See* Petition (Doc. 1), *Warren v. Ashcroft*, No. 04-1020 (D.C. No. 02-MK-2125), (10th Cir., Dec. 21, 2004). The Tenth Circuit Court of Appeals considered "whether 18 U.S.C. § 4206(d) (repealed) applies to all of the sentences imposed on petitioner between 1976 and 1989, including those imposed under 18 U.S.C. § 4208(a)(2) (repealed) and 18 U.S.C. § 4205(b)(2) (repealed)." *Id.* The court "[a]gree[ed] with the district court that § 4206(d) does apply to all of [Petitioner's] sentences" and that there was no violation "of the principles of ex post facto and double jeopardy . . . [or] his rights to due process and equal protection." *Id.* Accordingly, this Court finds that, to the extent that Petitioner's arguments overlap, the legality of Petitioner's detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus. Nevertheless, because the Court does not have the previously filed petition to fully assess the overlap, it will decide the current Petition on the merits.

**D. Aggregation of Sentences**

Petitioner asserts that the Commission improperly aggregated his sentences. Petition (Doc. 1) at 10. Petitioner argues that because 18 U.S.C. § 4208(a)(2) (repealed) applies to his initial forty-year sentence, and 18 U.S.C. § 4205(a) & (b)(2) (repealed) apply to the subsequent forty-nine years of sentences, the Commission is required to treat these as a "mixed sentence" for purposes of determining his mandatory two-thirds parole release date.

- 11 -

*Id.* at 33.

18 U.S.C. § 4205(b) "is simply a 1976 recodification of 18 U.S.C. § 4208(a)(2)." *Bowles v. United States*, 49 Fed. Appx. 768, 2002 WL 31248606 (10th Cir. (Colo.)); *See also Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 235 (9th Cir. 1979) (citing 18 U.S.C.§ 4205(b)(2) (formerly 18 U.S.C. § 4208(a)(2))); *United States v. Whitley*, 473 F.Supp. 23, 24-25 (E.D. Mich. 1979) (citing § 4208(a) (now § 4205(b)), 18 U.S.C.). When a prisoner receives multiple terms of imprisonment, the BOP aggregates those sentences for administrative purposes. *See* 18 U.S.C. § 4161 (enacted June 25, 1948, c. 645, 62 Stat. 853; June 29, 1951, c. 176, 65 Stat. 98; Pub.L. 86-259, Sept. 14, 1959, 73 Stat. 546; Pub.L. 87-665, Sept. 19, 1962, 76 Stat. 552; repealed by P.L. 98-473, Title II, § 218(a)(4), Oct. 12, 1984, 98 Stat. 2027) ("When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed."); C.F.R. § 2.5 ("multiple sentences are aggregated by the Bureau of Prisons pursuant to 18 U.S.C. 4161 and 4205, such sentences are treated as a single aggregate sentence for the purpose of every action taken by the Commission pursuant to these rules, and the prisoner has a single parole eligibility date as determined by the Bureau of Prisons."); 18 U.S.C. § 3584(c) (enacted by Pub. L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984, 98 Stat. 2000) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

Here, Petitioner was sentenced to serve eighty-nine (89) years consecutively. Petitioner improperly refers to his aggregate sentence as a "mixed sentence." All of his sentences occurred in the federal system, as such the aggregate is not a "mixed sentence." Moreover, the distinction that Petitioner attempts to make between 18 U.S.C. § 4208(a) (1958) and 18 U.S.C. § 4205 (1976) does not exist. *See Bowles v. United States*, 49 Fed. Appx. 768, 2002 WL 31248606 (10th Cir. (Colo.)) (18 U.S.C. § 4205(b) "is simply a 1976 recodification of 18 U.S.C. § 4208(a)(2)."); *See also Brady v. U.S. Parole Comm'n*, 600 F.2d 234, 235 (9th Cir. 1979) (citing 18 U.S.C.§ 4205(b)(2) (formerly 18 U.S.C. § 4208(a)(2))); *United States v. Whitley*, 473 F.Supp. 23, 24-25 (E.D. Mich. 1979) (citing § 4208(a) (now

§ 4205(b)), 18 U.S.C.). Accordingly, BOP correctly calculated Petitioner's aggregate sentence of eighty-nine (89) years. Further, the earliest date that Petitioner could then be eligible for parole was April 12, 1986. Response (Doc. 16), Exh. "A" ¶ 13 (one-third of the regular adult maximum sentence of thirty (30) years (equaling ten (10) years), plus any inoperative time (405 days), minus any presentence time (219)).

### E. Mandatory Parole

Petitioner alleges that the Commission failed to release him "at the expiration of [his] two-thirds mandatory good time release date of February 2003." Petition (Doc. 1) at 34. Based upon this alleged failure, Petitioner alleges violations of his due process and equal protection rights. *Id.* at 11, 34.

Petitioner's argument is based solely on the incorrect assumption that his entire 89 year sentence was improperly aggregated. Petitioner believes that he should have been entitled to parole in February 2003. As discussed, *supra*, BOP properly aggregated Petitioner's consecutive sentences. As such, Petitioner's full term date is July 11, 2065, determined by adding the entire 89-year term to the date computation began, January 7, 1976, then subtracting presentence time credit of 219 days, and adding the 405 days of inoperative time. *Id.*, Exh. "A" ¶ 15, Exh. B. at 11. Petitioner's two-thirds date is calculated as two-thirds of the entire 89-year term, which is November 8, 2035. *Id.*, Exh. "A" ¶ 14, Exh. "B" at 11; *see also Wyatt v. U.S. Parole Comm'n*, 191 F.3d 462, 1999 WL 691042, *1 (9th Cir. 1999) ("The Parole Commission acted within its statutory authority by concluding that the aggregated sentence was also the proper term for determining parole eligibility[.]"). Petitioner received his initial parole hearing on February 18, 1987. Response (Doc. 16), Exh. "C". Petitioner has not yet reached his two-thirds date. Therefore, Petitioner's arguments are without merit.

### F. Guideline Date Calculation

Petitioner asserts violations of his due process and equal protection rights and the *Ex Post Facto* clause of the Constitution of the United States. Petition (Doc. 1) at 12-12B, 35-42. Petitioner believes that his range should be 312 to 412 months. *Id.* Petitioner's

- 13 -

argument is based upon the divided terms (forty (40) and forty-nine (49) years) that he advocates for *supra*.

Petitioner's argument is without merit. As previously discussed, BOP properly aggregated Petitioner's eighty-nine (89) year term. Accordingly, the guideline correct guideline range is 412-582 months as calculated by the Commission. *See* 28 C.F.R. § 2.5 (Multiple sentences that are aggregated by the BOP are treated as a single sentence for every action taken by the Commission.).

### G. Ineligibility Determination

Petitioner argues that the Commission failed "to find that [he] was ineligible [for parole] under the criteria of 1976 Title 18 U.S.C. 4206(d) . . . in violation of due process and equal protection." Petition (Doc. 1) at 42, 19-23B, 43-45. Petitioner continues to rely on two separate sentences, as opposed to the single eighty-nine (89) year aggregate. *See id.*

Section 4206(d), 18 U.S.C., provides:

> Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years including any life term, whichever is earlier: *Provided, however,* That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local time.

18 U.S.C. § 4206(d) (emphasis in original).

"It is undisputed that Petitioner is eligible for parole as of the date of April 12, 1986." Response (Doc. 16) at 11 n. 4. Furthermore, the Commission has held multiple statutory interim hearings regarding Petitioner's suitability for parole since his initial hearing on February 18, 1987. *See* Response (Doc. 16), Exhs. "C," "D," "F," "G," "H," "J," "K," "L," "N," "O," "Q," & "R." The Commission has ordered no change in Petitioner's fifteen (15) year reconsideration date of September 2021. *Id.* at Exh. "R." Additionally, the Commission has properly determined Petitioner's one-third and two-thirds date, with a range of 412-582 months. Petitioner has not been incarcerated for 582 months. *See* Response (Doc. 16), Exh. "Q." As such, Petitioner's claims are without merit.

- 14 -

**H. Commission Expiration**

Petitioner argues that the Commission's expiration on October 31, 2002 left it "without any legal statutory authority over this prisoner's confinement, beyond October 31, 2002, in absence of a parole release date, that was required prior to October 31, 2002[.]" Petition (Doc. 1) at 24, 46. Petitioner further argues that his parole has never been "continued to expiration." *Id.* at 46. Respondent argues that Petitioner "was not guaranteed release on November 1, 2002[,]" and "cannot show prejudice from the one-day interlude." Response (Doc. 16) at 13.

"The Sentencing Reform Act of 1984, Pub.L. No. 98-473, 98 Stat. 1837, [("SRA")] abolished the United States Parole Commission and repealed most of the preexisting statutory framework governing parole of federal prisoners." *Stange v. U.S. Parole Comm'n*, 875 F.2d 760, 761 (9th Cir. 1989). "The Act became effective on November 1, 1987." *Id.* (citations omitted). Congress provided, however, that the Commission would continue to operate for five (5) years after the effective date of the SRA. *Id.* (citations omitted). Section 235(b)(3) of the SRA required the Commission to set final release dates, within the applicable guideline range, for those still incarcerated after the five-year (5) period. 18 U.S.C. § 3551(b)(3). *See id.*; *Feist v. Schultz*, 2006 WL 657003, *3 (E.D. Cal.). "[J]ust over thirty days [after enactment] later, Section 2(b)(2) of the Sentencing Act of 1987 amended Section 235(b)(3) to eliminate the requirement that the Parole Commission set a parole date within the guideline range, effectively restoring the Parole Commission's discretion to what it was prior to the SRA." *Feist*, 2006 WL 657003 at *3. "In 1990, the Judicial Improvements Act extended the life of the Parole Commission for another five years until October 31, 1997. Pub.L. 101-650, 104 Stat. 5089 (1990)." *Id.* Congress, then passed the Parole Commission Phaseout Act in 1996, extending the Commission until November 1, 2002. Pub.L. 104-232, 110 Stat. 3055 (1996); *see Feist*, 2006 WL 657003 at *3. "On November 2, 2002, Congress passed the 21st Century Department of Justice Appropriations Act which extended the existence of the Parole Commission for another three years until October 31, 2005. Pub.L. 107-273, 116 Stat. 1758 (2002)." *Feist*, 2006 WL 657003 at *3.

1   Subsequently, the life of the Commission has been further extended, most recently in 2013.
2   *See* United States Parole Commission Extension Act of 2013. Pub.L. No. 113-47, § 2, 127
3   Stat. 572.

Although "there was a one-day hiatus where the Parole Commission was apparently in suspension[,]" Petitioner was not entitled to immediate release on November 1, 2002. *Feist*, 2006 WL 657003 at *5. The "Amended Section 235(b)(3) required the Commission to set a final release date but the Commission had discretion to set a date outside the guidelines." *Id.* This "subsection is a ''winding up'' provision' designed to give the Parole Commission a five-year transition period during which the Commission 'should discharge its final responsibilities toward those sentenced under the preexisting law.'" *Stange*, 875 F.2d at 761-62 (citations omitted). As such, "the Commission [was only] to decide on a release date for prisoners within its jurisdiction early enough to permit an appeal of the release date." *Id.* at 762. "Forcing the Commission to immediately set a parole release date for all the prisoners in its jurisdiction is plainly not required by the statute, and would frustrate the statute's purpose of giving the Commission a five-year transition period to wind up its business." *Id.* The Commission's March 3, 1997 Notice of Action (Response, (Doc. 16), Exh. "L") regarding Petitioner, increased his aggregate guideline range, requested a current psychiatric/psychological report from BOP, and ordered no change in continuance to a fifteen (15) year reconsideration hearing in November 2004. Accordingly, Petitioner could not have a reasonable expectation that the release date would be anything other than the continuance to a fifteen (15) year reconsideration hearing decision that he had previously received. *See id.*

### I. Commission Expiration and Periodic Review

Petitioner argues that the expiration of the Commission has denied him "the ability to have <u>any</u> of the herein alleged federal law violations corrected, at a legal preiodic [sic] review under 1976 Title 18 U.S.C. 4208(h), in violation of due process and equal protection and Ex Post Facto of the constitution [sic]." Petition (Doc. 1) at 25, 47 (emphasis in original). As discussed, *supra*, although the Commission may have technically been

- 16 -

suspended for one day between November 1 and 2, 2002, Petitioner did not suffer any prejudice. *See Feist*, 2006 WL 657003, \*4 (no entitlement to immediate release based upon one-day hiatus of the Commission).

Section 4208(h) provides, in relevant part, that "[i]n any case in which release on parole is not granted, subsequent parole determination proceedings shall be held not less frequently than . . . (2) twenty-four months in the case of a prisoner with a term or terms of seven years or longer." 18 U.S.C. § 4208(h) (repealed); *see also* 28 C.F.R. § 2.14(a)(1)(ii). In order to receive such a hearing, the prisoner must submit an application. 28 C.F.R. § 2.11(a); *see also*, *Brockett v. Rison*, 15 F.3d 1083, 1994 WL 18974, \*1 (9th Cir. (Cal.)). "A prisoner who declines either to apply for or waive parole consideration is deemed to have waived parole consideration." 28 C.F.R. § 2.11(c); *see also*, *Brockett*, 15 F.3d 1083, 1994 WL 18974 at \*1. Petitioner has consistently received statutory interim hearings. *See* Response (Doc. 16), Exhs. "C," "D," "F," "G," "H," "J," "K," "L," "N," "O," "Q," & "R." When he has not received hearings, the record reflects that he either waived them expressly, or failed to file an application, and is therefore deemed to have waived the hearing. *See* Response (Doc. 16), Exh. "M;" 28 C.F.R. § 2.11(c). Accordingly, Petitioner's claim is without merit.

**J. Denial of Parole**

Petitioner argues that the "[e]xpiration of the United States Parole Comm'n since October 31, 2002 through to the present has, and does now, and in the future, <u>denies this prisoner the legal statutory mandatory right to ever qualify for parole and for a discharge from parole under 1976 Title 18 U.S.C. 4201-4218(d), 4208(H) and 4210(E)</u>[.]" Petition (Doc. 1) at 25, 47 (emphasis in original). As discussed, *supra*, the Commission still exists, and Petitioner has continued to receive statutory interim hearings and fifteen (15) year reconsideration hearings. Moreover, "Congress has specifically rebutted the presumption of reviewability of the Commission's substantive decisions to grant or deny parole, and, therefore, these decisions may not be reviewed[.]" *Wallace v. Christensen*, 802 F.2d 1539, 1545 (9th Cir. 1986) (en banc).

- 17 -

On January 4, 2011, Petitioner received a statutory interim hearing. Response (Doc. 16), Exh. "Q." Based upon Petitioner's criminal history, including four escapes from incarceration, and little program participation, the Commission ordered no change in Petitioner's fifteen (15) year reconsideration date of September 2021. Response (Doc. 16), Exhs. "Q" & "R." In light of the Commission's continued existence, and its ongoing consideration of Petitioner's suitability for parole, Petitioner's claim is without merit.

### K. Extension of Commission

Petitioner reiterates his previous arguments regarding the expiration of the Commission on November 1, 2002, adding that such expiration was jurisdictional and therefore any extensions of the Commission violated of his Constitutional rights. Petition (Doc. 1) at 26-27, 48-52. Petitioner's claims are without merit. As discussed, *supra*, Congress has validly extended the life of the Parole Commission, most recently in 2013. *See* United States Parole Commission Extension Act of 2013. Pub.L. No. 113-47, § 2, 127 Stat. 572. The establishment and extension of the Commission is a valid exercise of Congress's legislative power. *See* U.S. Const., Art. I, § 1 ("All legislative Powers herein granted shall be vested in a Congress of the United States[.]"); *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (historical review of criminal sentencing system); *United States v. Addonizio*, 442 U.S. 178, 188, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805 (1979) ("The decision as to when a lawfully sentenced defendant shall actually be released has been committed by Congress, with certain limitations, to the discretion of the Parole Commission."). The Commission is validly in existence, and therefore, Petitioner's claim should be denied.

### L. Motion for Judicial Notice

Petitioner seeks this Court to take judicial notice of an article from the *Prison Legal News*. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The article refers to a California state prisoner and issues

regarding his denial of parole by the California state parole board. Because the Court does not rely upon the article, Petitioner's motion should be denied. *See Courtney v. Goltz*, 736 F.3d 1152, 1155 n. 1 (9th Cir. 2013) ("The Courtneys . . . have asked that we take judicial notice of this article. Because we do not rely upon the article, we deny the motion.")

## IV.     RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1)     DENYING Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1);

(2)     DENYING AS MOOT Petitioner's Motion by Petitioner That This District Court Now Reach the Merits of This Habeas Corpus – 28 U.S.C. 2241 Now Pending a District Court Decision for Twenty-Two Months Since Filed April 25, 2012 (Doc. 25);

(3)     DENYING Petitioner's Motion for Judicial Notice and Acknowledgement [sic] (Doc. 26); and

(4)     DECLINING to issue a certificate of appealability. Reasonable jurists would not find the Court's ruling debatable.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-12-314-TUC-JGZ**.

. . .

. . .

. . .

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

DATED this 6th day of March, 2014.

_____
Bruce G. Macdonald
United States Magistrate Judge