# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Ronald Warren,<br><br>               Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>               Respondent. | No. CV-12-00314-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is a Report and Recommendation issued by United States Magistrate Judge Bruce G. Macdonald that recommends: (1) denying Petitioner's habeas petition filed pursuant to 28 U.S.C. §2241 (Doc. 1); (2) denying as moot Petitioner's Motion That This District Court Now Reach the Merits of This Habeas Petition (Doc. 25); (3) Denying Petitioner's Motion for Judicial Notice (Doc. 26) and (4) declining to issue a certificate of appealability. (Doc. 30.)

As thoroughly explained by Magistrate Judge Macdonald, Petitioner is not entitled to relief as his Petition is without merit. As Petitioner's objections do not undermine the analysis and proper conclusion reached by Magistrate Judge Macdonald, Petitioner's objections are rejected and the Report and Recommendation is adopted.[1]

---

[1] Petitioner's Objection to the Report and Recommendation is 71 pages in length, well in excess of the ten page limit set forth in LRCiv 7.2(m)(1). Petitioner's Objection includes new claims which Petitioner states he would have raised in his Reply to Respondent's Answer but he did not have sufficient time to brief them before the deadline for his Reply expired. (Doc. 34, pg. 48.) The Court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). The Court declines to consider the new claims alleged in Petitioner's Objection. First, the claims are merely conclusory. Conclusory allegations are not sufficient to

Also pending before the Court is a Motion for Polygraph Test filed by Petitioner on March 28, 2014. (Doc. 35.) Petitioner contends that the Court should order Petitioner to submit to a polygraph test regarding the arguments presented in Respondent's Answer to Petitioner's habeas petition and then consider Petitioner's statements made during the polygraph test as evidence relevant to the pending habeas Petition. The Court may, in its discretion, consider supplemental evidence introduced for the first time by a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Petitioner has had adequate opportunity to brief his opposition to Respondent's Answer and further testimony from Petitioner on this issue would not assist the Court in its decision. Accordingly, the Court will deny the Motion.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. §2253(c) and Fed. R. App. P. 22(b)(1). Federal Rule of Appellate Procedure 22(b) requires the district court that rendered a judgment denying the petition made pursuant to 28 U.S.C. §2254 to "either issue a certificate of appealability or state why a certificate should not issue." Additionally, 28 U.S.C. §2253(c)(2) provides that a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." In the certificate, the court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue as the resolution of the petition is not debatable among reasonable jurists and does not deserve further proceedings.

//

---

support habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995). In addition, Petitioner has failed to explain his failure to raise these claims in his Petition. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir.2000) (district court does not abuse its discretion in declining to consider new arguments raised in objection to report and recommendation which were available to counsel before the magistrate's proceedings began).

THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (Doc. 30) is accepted and adopted;
2. Petitioner's Motion That This District Court Now Reach the Merits of This Habeas Petition (Doc. 25) is DENIED AS MOOT;
3. Petitioner's Motion for Judicial Notice (Doc. 26) is DENIED;
4. Petitioner's Motion for Polygraph Test (Doc. 35) is DENIED;
5. Respondent's Motion to Strike (Doc. 39) is DENIED AS MOOT;
6. Petitioner's §2241 Petition (Doc. 1) is denied and this case is dismissed with prejudice;
7. The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

Dated this 15th day of May, 2014.

_____
Jennifer G. Zipps
United States District Judge